UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON ROUECHE,<br><br>Defendant. | NO. CR07-344RSL<br><br>DEFENDANT'S MOTION TO STRIKE DECLARATION OF DANIEL LeCLERC OR FOR ALTERNATIVE RELIEF<br><br>NOTE ON MOTION CALENDAR: DECEMBER 11, 2009 |

COMES NOW the Defendant Clayton Roueche, by and through his undersigned counsel, and hereby moves to strike the Declaration of Daniel LeClerc that was submitted by the Government's attorneys on or about October 27, 2009. This motion is made pursuant to Criminal Sentencing Guideline § 6A1.3(a) and the Due Process Clause of the United States Constitution. This motion is supported by the Declaration of Todd Maybrown in Support of Motion to Strike Declaration of Daniel LeClerc.

I.    **FACTUAL BACKGROUND**

On April 28, 2009, Clay Roueche entered a guilty plea to Counts I, III and IV of the Government's Superseding Indictment. Sentencing is currently scheduled for December 16, 2009 at 1:30 p.m. The defense anticipates that the Court may be called upon to resolve significant legal issues and factual disputes relating to the upcoming sentencing proceeding.

DEFENDANT'S MOTION TO STRIKE DECLARATION
OR FOR ALTERNATIVE RELIEF- 1
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Recently, on October 27, 2009, the Government submitted a declaration from an informant named Daniel LeClerc. Mr. LeClerc is currently in federal prison serving a ten-year sentence on account of his criminal conduct. He has already obtained a departure/variance for his "cooperation" with the case. Nevertheless, in submitting this new declaration, Mr. LeClerc is hoping to obtain an additional reduction of his sentence pursuant to Fed. R. Crim. P. 35(b). *See* Maybrown Dec. ¶ 2. He is represented by attorney Jon Zulauf.

Defense counsel has informed the Government and Mr. LeClerc's attorney of his concern that this witness has made false claims in his submission to the Court. In particular, counsel has indicated that Mr. LeClerc may have lied when he claims that he was intimidated, pressured or threatened by Clay Roueche. *See, e.g.,* LeClerc Dec. ¶¶ 10, 18, 37, 41.[1]

In fact, it is defense counsel's belief and understanding that Mr. LeClerc engaged in all of this conduct of his own free will. Mr. LeClerc was not a reluctant participant in this activity and he was never threatened by Mr. Roueche in any way. To the contrary, Mr. LeClerc was always a willing, if not enthusiastic, participant in this activity. It is defense counsel's belief that Mr. LeClerc has manufactured these claims against Mr. Roueche in an attempt to justify his own conduct and to bolster his present claim for a reduction of sentence under Rule 35(b). *See* Maybrown Dec. ¶ 6.

After reviewing Mr. LeClerc's declaration, defense counsel contacted Jon Zulauf and requested an opportunity to meet with his client to discuss these matters. Mr. Zulauf subsequently informed me that Mr. LeClerc would not agree to meet with me to discuss any of these matters. *See* Maybrown Dec. ¶ 7.

*DEFENDANT'S MOTION TO STRIKE DECLARATION OR FOR ALTERNATIVE RELIEF-* 2
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Thereafter, defense counsel contacted AUSA Susan Roe to determine if the Government might be able to facilitate a meeting between myself and Mr. LeClerc. Ms. Roe indicated that she could not assist in arranging a meeting with Mr. LeClerc prior to the sentencing. *See id.* ¶ 8.[2]

In light of all of these circumstances, defense counsel now moves this Court to strike the Declaration of Daniel LeClerc. While the Court is free to consider **reliable** hearsay information at sentencing, the defense maintains that this Court should not consider any of the allegations of Mr. LeClerc. This declaration is rife with uncorroborated and presumptively unreliable hearsay statements. Accordingly, as argued below, this Court should strike the declaration and refuse to consider any of the allegations contained in that document.

## II. DISCUSSION

### A. Legal Background

Under the regime of the Federal Sentencing Guidelines, the Court was free to consider hearsay evidence at sentencing so long as that hearsay contained sufficient indicia of trustworthiness. *See, e.g., United States v. Watts*, 519 U.S. 148, 154 (1997); *United States v. Petty*, 982 F.2d 1365 (9th Cir. 1993), *as amended by* 992 F.2d 1015 (9th Cir. 1993), *cert. denied*, 510 U.S. 1040 (1994); 18 U.S.C. § 3661; U.S.S.G. § 6A1.3(a). *See also* Fed. R. Crim. P. 32(i)(3)(A) (stating that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").

---

[1] The Declaration includes a numerical anomaly. Mr. LeClerc signed the final page of the document (number 11) which includes a "Verification" at Paragraph 40. The remainder of the declaration includes a total of 41 numbered paragraphs.

[2] Ms. Roe has indicated that the Government cannot force Mr. LeClerc to speak with defense counsel. While counsel understands this position, the Government certainly could have notified Mr. LeClerc

*DEFENDANT'S MOTION TO STRIKE DECLARATION OR FOR ALTERNATIVE RELIEF*- 3
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

The procedural protections the Guidelines afford defendants are minimal, and in some cases, inadequate. For example, the Ninth Circuit has held that a heightened standard of proof is required at sentencing where the court's determination may have a disproportionate impact on the ultimate sentence. *See, e.g., United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir. 1991) (*en banc*); *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000). The Court has also explained that a sentencing court should not consider hearsay evidence that is not "corroborated by extrinsic evidence." *United States v. Ponce*, 51 F.3d 820, 828 (9th Cir. 1995). *See also United States v. Corral*, 172 F.3d 714, 715 (9th Cir. 1999); *United States v. Kerr*, 876 F.2d 1440, 1446 (9th Cir. 1989).

The Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), has freed courts not only from the substantive mandates of the United States Sentencing Guidelines – the compulsory enhancements, binding sentencing ranges, and so on – but also its procedural dictates. Courts now enjoy the discretion to impose stronger procedural protections at sentencing than the minimal standards dictated by the Guidelines. After *Booker*, procedurally speaking, what is not forbidden is allowed.

The core procedural goals of sentencing should be fairness and accuracy. When years of confinement ride on the court's factual findings, a high degree of confidence should be attached to these findings. *See generally United States v. Dazey*, 403 F.3d 1147 (10th Cir. 2005). Thus, in appropriate circumstances, the courts should adopt more rigorous sentencing procedures to ensure a fair and reliable proceeding.

**B. The LeClerc Declaration is Inherently Unreliable**

---

that the decision whether or not to file a Rule 35 motion might be impacted by his refusal to cooperate with defense counsel.

DEFENDANT'S MOTION TO STRIKE DECLARATION
OR FOR ALTERNATIVE RELIEF- 4
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Mr. LeClerc's declaration is highly unreliable – perhaps the most unreliable type of hearsay that could be presented to this Court. *See, e.g., Bruton v. United States*, 391 U.S. 123 (1968); *Whelchel v. Washington*, 232 F.3d 1197, 1207-8 (9th Cir. 2000); *United States v. Ortiz*, 993 F.2d 204 (9th Cir. 1993). As was explained by the Supreme Court in *Lee v. Illinois*, 476 U.S. 530 (1986):

> [A] codefendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability because those passages may well be the product of the codefendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another.

*Id.* at 545.

"It is or should be self-evident that the unverified story of an untested informant is ordinarily unreliable." *People v. Maestes*, 204 Cal.App.2d 1208, 1220 (1988). Mr. LeClerc's declaration includes the type of untested and uncorroborated hearsay that should not be permitted at any sentencing proceeding. The Court should not consider the hearsay statements of this obviously tainted and biased witness – particularly where this witness has steadfastly refused to discuss any of these matters with defense counsel. For all of these reasons, this Court should strike the declaration of Daniel LeClerc.

### C. The Defense is Hoping to Avoid a Paper Swearing Contest

The defense is hoping to avoid a swearing contest – via conflicting affidavits – regarding this witness. However, as necessary, the defense may attempt to present documentary evidence which bears upon the credibility of Mr. LeClerc and his claims to this Court.

Yet, many factors suggest that it would be unfair to force the defense "to prove a negative" under these circumstances. Mr. LeClerc is a citizen of Canada and most of the

DEFENDANT'S MOTION TO STRIKE DECLARATION
OR FOR ALTERNATIVE RELIEF- 5
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

evidence relating to his exploits is in Canada and generally unavailable to the defense. Moreover, Mr. LeClerc's refusal to cooperate has limited defense counsel's ability to obtain information that may be relevant to this Court. *See* Maybrown Dec. ¶¶ 7-12. To avoid an unfair swearing contest, the Court should strike the declaration of this witness.

### D. In the Alternative, the Court Should Afford Additional Relief

#### 1. The Need for Cross-Examination

Ever since trials have been reported, cross-examination has been featured as a vital portion of the proceedings. Socrates, while representing himself against his accuser, Miletus, is said by Plato to have cross-examined him long and well.

Professor Wigmore has explained:

> For the two centuries past, the policy of the Anglo-American system of evidence has been to regard the necessity of testing by cross-examination, the "truth" of direct examination as a essential portion of the trial. Not even the abuses, the misunderstandings, and the puerilities which are often found associated with cross-examinations have availed to nullify its value. It may be that in more than one sense, it takes the place of our system which torture occupied in the medieval system of the civilians. Nevertheless, ***it is beyond any doubt the greatest legal engine ever invented for the discovery of the truth.***

Wigmore Evidence § 1367.[3]

The right to confront and cross-examine adverse witnesses is guaranteed by both the federal and state constitutions. *See State v. Darden*, 145 Wn.2d 612, 620 (2002). As the Court explained:

> The primary and most important component is the right to conduct a meaningful cross-examination of adverse witnesses. *State v. Foster*, 135 Wn.2d 441, 455-56 (1998). The purpose is to test the perception, memory, and credibility of witnesses. *State v. Parris*, 98 Wn.2d 140, 144 (1982); *State v.*

---

[3] This particular quotation was cited with approval by the United States Supreme Court in *California v. Green*, 399 U.S. 149, 158 (1970).

*DEFENDANT'S MOTION TO STRIKE DECLARATION OR FOR ALTERNATIVE RELIEF*- 6
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

*Roberts*, 25 Wn.App. 830, 834 (1980). Confrontation therefore helps assure the accuracy of the fact-finding process. *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). Whenever the right to confront is denied, the ultimate integrity of this fact-finding process is called into question. *Id.* As such, the right to confront must be zealously guarded. *State v. Kilgore*, 107 Wn.App. 160, 184-85 (2001).

*Id.* "Any fact which goes to trustworthiness of the witness may be elicited if it is germane to the issue." *State v. Wilson*, 60 Wn.App. 887, 893 (1991).

To date, most courts have concluded that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply during sentencing proceedings. *See, e.g., United States v. Littlesun*, 444 F.3d 1196, 1199-1200 (9th Cir. 2006) ("[H]earsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability."). However, if the Court is to entertain any of the unreliable allegations contained within the LeClerc declaration, it should allow the defense an opportunity to confront and cross-examine this tainted witness.

### 2. Waiver of the Attorney-Client Privilege

Mr. LeClerc has chosen to voluntarily reveal information about an alleged contact with an attorney from the State of California. *See* LeClerc Dec. ¶ 41. In doing so, he has attempted to suggest that this attorney (a) is somehow connected with Mr. Roueche and (b) has threatened Mr. LeClerc in an attempt to ensure that he would not cooperate with the Government's investigation. The defense believes that these suggestions – and Mr. LeClerc's allegations – are untrue.

After reviewing this information, defense counsel contacted the attorney in California in an attempt to verify – or refute – Mr. LeClerc's allegations. That attorney stated that he would not be able to discuss these issues unless it was clear that Mr. LeClerc had waived his

*DEFENDANT'S MOTION TO STRIKE DECLARATION OR FOR ALTERNATIVE RELIEF*- 7
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

attorney-client privilege as to these same matters. The attorney also asked for an opportunity to review the witness' declaration and, to facilitate this process, he has stated that he would agree to abide by any protective order that may be imposed by the Court. *See* Maybrown Dec. ¶ 11.

It is clear that Mr. LeClerc has chosen to waive the attorney-client privilege as to any conversations he had with the attorney in California. *See, e.g., Bittaker v. Woodward,* 331 F.3d 715 (9th Cir. 2003) (*en banc*); *United States v. Amlani,* 169 F.3d 1189, 1195 (9th Cir. 1999); *United States v. Jeffers,* 520 F.2d 1256, 1265 (7th Cir. 1975). Accordingly, the defense asks this Court to issue a ruling that Mr. LeClerc has made such a waiver so that Mr. Roueche may have an opportunity to refute the allegations contained in this declaration. The Court should also rule that the California attorney shall be permitted to review the LeClerc declaration subject to a protective order.

DATED this 3rd day of December, 2009.

TODD MAYBROWN, WSBA #18557
Attorney for Defendant Roueche

*DEFENDANT'S MOTION TO STRIKE DECLARATION OR FOR ALTERNATIVE RELIEF- 8*
*CR07-344RSL*

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record for the Government and the defendants.

/s/ Todd Maybrown
Todd Maybrown, Esq.
Allen, Hansen & Maybrown, P.S.
600 University St., #3020
Seattle, WA 98101
(206) 447-9681
todd@ahmlawyers.com

DEFENDANT'S MOTION TO STRIKE DECLARATION
OR FOR ALTERNATIVE RELIEF- 9
CR07-344RSL

Allen, Hansen & Maybrown, P.S.
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681