Chief Judge Robert S. Lasnik

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9    UNITED STATES OF AMERICA,          )
                                        )    NO. CR07-0344 RSL
10                   Plaintiff,         )
                                        )
11            v.                        )    GOVERNMENT'S RESPONSE TO
                                        )    DEFENDANT'S MOTION TO STRIKE
12   CLAY ROUECHE,                      )    DECLARATION
                                        )
13                   Defendant.         )
                                        )
14   _____)

15                          **I.  INTRODUCTION**

16         Defendant Clay Roueche pleaded guilty to charges of Conspiracy to Export Cocaine,

17   Conspiracy to Import Marijuana and Conspiracy to Launder Monetary Instruments.  He

18   faces an advisory guidelines range of Life Imprisonment.  Sentencing is scheduled for

19   Wednesday, December 15, 2009 before the Honorable Chief Judge Robert S. Lasnik.

20         In preparation for sentencing, the Government submitted a declaration of Daniel

21   LeClerc, along with declarations from several other co-conspirators and law enforcement

22   agents.  These declarations serve to describe the operation that Roueche oversaw on behalf

23   of the United Nations Gang.

24         The defendant has submitted a motion to strike LeClerc's declaration as unreliable.

25   In the alternative, the defendant has requested an opportunity to cross-examine LeClerc or

26   force LeClerc to waive his attorney-client privilege so that the defendant's lawyer can talk

27   to one of LeClerc's former lawyers.  None of these requests are reasonable or necessary,

28

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 1
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  and thus the Government respectfully requests that the Court deny the requests and proceed

2  to sentencing.

### II.  ISSUES

4      The defendant's lawyer, Mr. Maybrown, has contacted the undersigned AUSAs to

5  explain that he, and presumably his client, disbelieve the declaration of Mr. LeClerc.  In

6  Mr. Maybrown's declaration, he specifically disbelieves LeClerc's assertion that members

7  of the U.N. Gang threatened him.  In an effort to bolster this assertion that LeClerc is lying,

8  Mr. Maybrown provided the Government with a DVD that shows LeClerc enjoying the

9  lifestyle that his drug-running for Roueche provided.  Specifically, the DVD shows LeClerc

10  driving a large boat, getting drunk with women and other drug dealers, and generally

11  having a grand time.  It shows him throwing around money and appearing to be happy and

12  comfortable in his situation.  Apparently, the DVD is provided to show that LeClerc was a

13  happy drug smuggler who enjoyed partying with people, and did not seem at all threatened

14  or concerned.

15      The Government, of course, does not doubt that LeClerc enjoyed the proceeds of his

16  illegal behavior.  LeClerc's brazen boasting about his wealth should not surprise the Court,

17  nor does it have any bearing on whether LeClerc was, from time-to-time, threatened by

18  U.N. Gang leaders in order to convince him to continue in this lifestyle.  The two different

19  descriptions of this drug dealer -- a brazen, drunk, happy LeClerc, and a threatened LeClerc

20  -- are not mutually exclusive.  In fact, the dichotomy makes perfect sense.

21      It is further the understanding of the Government that Mr. Maybrown has spoken to

22  unnamed witnesses who do not wish to be identified for fear of facing criminal prosecution,

23  and that these witnesses will claim that LeClerc did not have as much direct contact with

24  Roueche as he has claimed, and that he never appeared threatened by Roueche.  Thus, the

25  defense claims, LeClerc's declaration is inherently unreliable because of his status as a

26  cooperator and the uncorroborated nature of his testimony.  In making this assertion,

27  defendant's lawyer states, "The core procedural goals of sentencing should be fairness and

28  accuracy."

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 2
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    It is difficult to conceive of a less fair and less accurate rebuttal to a sworn

2  declaration of a known, identified, and documented witness, than a lawyer's summary of

3  unnamed, unidentified witnesses' statements whose interviews are not available to anyone

4  but the defendant's lawyers.

5    Moreover, Daniel LeClerc's statements that he ran cocaine for the defendant are,

6  indeed, corroborated.  In paragraph 21 of the Affidavit of Agent Peter Ostrovsky, attached

7  to the Government's sentencing memorandum, the agent discusses the defendant's

8  involvement in the large-scale exportation of cocaine.

9    In paragraph 24 of the same document, the agent discusses another witness'

10  admission to smuggling cocaine to Canada with Birgis Brooks on Roueche's behalf.

11    In paragraph 27, Ostrovsky explains how LeClerc admitted to the involvement of

12  "Pitbull," before investigators had identified Pitbull as a trusted transporter of United States

13  Currency and cocaine for Roueche.

14    On page 18 of Exhibit 4, attached to the Government's sentencing memorandum,

15  Canadian officials report the collection of drug ledgers at Roueche's apartment, indicating

16  the sale of $875,000 of cocaine.

17    On page 29 of the same document, another witness to Roueche's drug dealing

18  describes the U.N. Gang, at Roueche's direction, maintaining "dial a dope lines," allowing

19  for the easy ordering of cocaine by potential buyers.

20    Both Noe Camacho and Kanh Anh Truong (Pitbull) have pleaded guilty to cocaine

21  offenses in connection with their involvement with Roueche.

22    Paragraph 20 of Exhibit 7, the declaration of Ken Davis, also confirms Roueche's

23  involvement in the movement of cocaine into Canada.

24    Finally, simple mathematics and logic corroborate LeClerc's claims that Roueche

25  moved huge amounts of cocaine from Mexico to Canada.  Many witnesses corroborate his

26  importation of thousands of pounds of marijuana into the United States, and the conversion

27  of that marijuana into United States currency that was delivered to Pitbull in California.

28  The arrests of Camacho, Pitbull, and the investigation of Omar Gallegos also serve to

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 3
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

corroborate the conversion of those U.S. funds to cocaine.  It is inconceivable that the huge shipments of marijuana were converted into anything less than the amounts of cocaine described by LeClerc and, in fact, undoubtedly resulted in loads and pilots that were never uncovered by the United States. The argument that LeClerc's declaration has any real impact on the Court's sentence is muted by this corroboration.

If the defendant wishes to contest LeClerc's threat claims by presenting witnesses who will say that he never complained to them about being threatened, and who will say that he seemed to revel in the money he made while working for Roueche, they are certainly free to do so.  It does not require the Court to strike LeClerc's declaration, mostly because such testimony does not really contradict LeClerc's declaration.  The defendant's proposed contradictory evidence really amounts to the same argument that a domestic violence defendant might make -- i.e., the victim never complained of being beaten to anyone else, and always put on a happy face when out on the town, therefore she is lying when she says she was beaten in private.  The argument is illogical.

## III.  ARGUMENT

### A.    The Defendant Never Sought A Writ To Ensure LeClerc's Presence

Had the defendant truly believed that cross-examination of LeClerc would produce helpful information, he could have requested that the Court issue a writ to ensure LeClerc's presence at sentencing.  He could have issued a subpoena and called LeClerc as a witness at the sentencing.  None of this occurred.  Rather, defendant's lawyer has found witnesses who apparently dislike LeClerc and want to discredit him by showing DVDs of him enjoying his ill-gotten money.  If the defendant truly believed that the engine of cross-examination truly would have uncovered something exculpatory via LeClerc, they would have made sure he was here.

### B.    The Defendant's Plea Corroborates LeClerc

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court may receive and consider for the purpose of imposing an appropriate sentence.  Title 18, United States

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 4
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1   Code, Section 3661.  The defendant's claim that, "the Ninth Circuit has held that a

2   heightened standard of proof is required at sentencing where the court's determination may

3   have a disproportionate impact on the ultimate sentence," is incredibly misleading.  The

4   case of United States v. Restrepo, 946 F.2nd 654 (9th Cir. 1991), on which the defendant

5   relies in making this claim, has been refined and explained by subsequent cases.  United

6   States v. Jordan, 256 F.3d 952 (9th Cir. 2001).  Higher levels of proof were suggested in

7   cases where a defendant's mandatory guidelines calculation was affected significantly.  No

8   caselaw exists in the post-Booker era to suggest that a Court should require a higher

9   standard of proof in reviewing the sentencing factors under Title 18, United States Code,

10  Section 3553, particularly where the Government's suggested sentencing recommendation

11  is below its own guidelines calculation and *within* the defendant's own calculation of his

12  guidelines.

13        A district court's evaluation of the reliability of evidence is reviewed for an abuse of

14  discretion.  United States v. Ponce, 51 F.3d 820, 828 (9th Cir. 1995).  In Ponce, the

15  Government used the uncorroborated statement of a co-conspirator to increase the

16  defendant's criminal history category, not his advisory guidelines range.  The Court refused

17  to change the criminal history category, holding that, "because the government has failed to

18  point to any evidence corroborating Ponce's alleged participation in marijuana distribution,

19  it was error to calculate his sentence using a category III criminal history."

20        In the present case, significant evidence confirms Roueche's participation in cocaine

21  smuggling, as well as his leadership role in an organization that regularly used force and

22  threats to achieve its objectives.  Quite simply, the defendant has confessed to participating

23  in a Conspiracy to Export Cocaine.  This plea corroborates the most important parts of

24  LeClerc's declaration, specifically that he flew loads of cocaine for the defendant.  The

25  defendant's quarrels with LeClerc's declaration are specific to issues such as the numbers

26  of loads, whether LeClerc was threatened, and how much direct contact LeClerc had with

27  the defendant.  None of these concerns should result in the striking of LeClerc's

28  declaration.  As with any information presented at sentencing, the Court can certainly parse

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 5
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  through LeClerc's declaration and determine what information is reliable and corroborated

2  and what information is not.  The Government would simply request that the Court make a

3  record of what information from LeClerc's declaration it has relied upon, and what

4  information it has rejected.

5                                   **IV.  CONCLUSION**

6        The Court should deny the defendant's motion to strike LeClerc's declaration and all

7  other suggested remedies.  The Government reiterates its recommendation that the Court

8  impose 30 years in prison.

9        DATED this 11th day of December, 2009.

10                               Respectfully submitted,

11                               JENNY A. DURKAN
                                 United States Attorney

12

13                               *s/ Roger Rogoff*
                                 ROGER ROGOFF
14                               Assistant United States Attorney
                                 WSBA #23362
15                               United States Attorney's Office
                                 700 Stewart Street, Suite 5220
16                               Seattle, Washington 98101-1271
                                 Telephone:  (206) 553-4330
17                               Facsimile:  (206) 553-0755
                                 Email: Roger.Rogoff@usdoj.gov
18

19                               *s/ Susan M. Roe*
                                 SUSAN M. ROE
20                               Assistant United States Attorney
                                 WSBA #13000
21                               United States Attorney's Office
                                 700 Stewart Street, Suite 5220
22                               Seattle, Washington  98101-1271
                                 Telephone: (206) 553-1077
23                               Facsimile: (206) 553-4440
                                 E-mail: Susan.Roe@usdoj.gov
24

25

26

27

28

*Government's Response to Defendant's*
*Motion to Strike Declaration* — Page 6
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/Lindsay Erickson
LINDSAY ERICKSON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4377
Fax:   (206) 553-4440
E-mail: Lindsay.Erickson@usdoj.gov

Government's Response to Defendant's
Motion to Strike Declaration — Page 7
CR07-0344RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970